**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:25-CV-55 (LAG) |
| | : |
| JEROME BRONER, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

    Before the Court is the Plaintiff Auto-Owners Insurance Company's Motion for Protective Order. (Doc. 18). Therein, Plaintiff, with the consent of Defendants, asks the Court to enter a consent protective order to protect "Plaintiff's internal processes and procedures that are deemed by Plaintiff to be confidential and proprietary." (Doc. 18-1 at 3). Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order upon finding good cause. Stipulated protective orders have become "commonplace in the federal courts" to allow the parties "to designate particular documents as confidential . . . and postpone[] the necessary 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Trib. Co. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (per curiam) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam)). Accordingly, the Court finds a protective order is warranted to protect the confidential materials of Plaintiff.

    For good cause shown, Plaintiff's Consent Motion (Doc. 18) is **GRANTED**, and Plaintiff's proposed Consent Protective Order (Doc. 18 at 4–16) is hereby **ADOPTED** and made the **ORDER** of the Court.

    **SO ORDERED**, this 6th day of August, 2025.

                                                           /s/ Leslie A. Gardner
                                                     **LESLIE A. GARDNER, CHIEF JUDGE**

**UNITED STATES DISTRICT COURT**